Adam J. MATUSKOWITZ, Petitioner,

v.

Jo Anne B. BARNHART, Defendant.

No. Civ.A. 04–653.

United States District Court,
E.D. Pennsylvania.

Nov. 24, 2004.

Adam J. Matuskowitz, Allentown, PA, pro se.

Eda Giusti, Nicholas R. Cerulli, U.S. Attorney's Office, Philadelphia, PA, for Defendant.

## MEMORANDUM & ORDER

KATZ, District Judge.

Petitioner Adam J. Matuskowitz brings suit against Jo Anne B. Barnhart, in her capacity as Commissioner of the Social Security Administration, seeking review of an administrative denial of disability benefits. Petitioner argues that the denial issued by an Administrative Law Judge ("ALJ") was not supported by substantial evidence and therefore should be reversed. Now before the court are Petitioner's and Defendant's motions for summary judgment. This court has jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, Petitioner's motion is denied and Defendant's motion is granted.

**Factual Background**

At the time of the ALJ's decision, Petitioner was a 42-year-old man with lumbar generative disc disease, radiculopathy post laminectomy, diabetes, alcohol abuse, and pancreatitis. He has one year of college education and past work experience as a contractor and bar owner.

An MRI done in September 2000 revealed a lumbar disc bulge and other back trauma resulting in scarring. An epidural injection dramatically improved his symptoms, to the point that a second schedule injection was not required (Administrative Record ("Record") 16). Petitioner was hospitalized for six weeks at the end of December 2000 with severe pancreatitis secondary to alcohol abuse (*Id.*);[1] for three of those weeks he was in a coma (Record 58). Petitioner then recovered at home for five months (Record 17). He was treated in May 2001 for persistent diarrhea with lower gastrointestinal bleeding, with signs of early inflammatory disease (*Id.*) He required rehospitalization for one week in July 2001 for recurrent pancreatitis and diabetes mellitus and continued to experience severe pain on his left side (*Id.*).

Although Petitioner testified at his hearing that he still does not take any trips or socialize outside of the house (Record 97–99), his back pain and pancreatitis had improved by December 2001. He stated that he cannot sit for more than one hour, walk more than 10–15 minutes, or stand more than 5–10 minutes (Record 84). He suffers from intermittent memory loss (Record 77) and requires a cane to walk (Record 84). However, he is capable of opening the bar he owns each afternoon and returning in the early morning to close it (Record 90). Due to his damaged pancreas, Petitioner cannot take any oral pain medications for his severe pain.(Record 85–87). He has been treated with pain-blocking injections with some success (Record 86) and in fact went many months without further doctors' appointments due to this success (Record 72–73).

In October 2002, Petitioner was admitted to the emergency room after experiencing chest pain and was diagnosed with a pancreatic mass (Plaintiff's Motion for Summary Judgment ("Pl.Motion"), Exh. A at 1). When he was discharged after two days, his "symptoms had markedly improved" and he was discharged to home in improved condition (*Id.* at 2). In Febru-

---

1. Petitioner refutes the hospital records which reflect a history of alcohol abuse. He contends that at the time he was hospitalized in December 2000, his back was causing him so much pain that "he was taking the regular medication, and he was drinking heavy liqueur along with it. So when he was first admitted, he not only had alcohol in him, but he also had heavy meds from the back" (Record 27).

ary 2004, Petitioner was hospitalized for a pancreatic pseudocyst gastrostomy (Pl. Motion, Exh. C at 1–2). Upon his healthy discharge four days later, he was instructed to avoid any "heavy lifting for six weeks greater than 10 pounds" (*Id.* at 1). In March 2004, his doctor discovered multilevel degenerative spondylosis in his left shoulder and neck (Pl. Motion, Exh. E at 1). In November 2004, his doctor detected some abdominal bulging likely requiring future repair (*Id.*).

**Procedural Background**

On April 6, 2001 Petitioner filed an application for benefits under Title XVI of the Social Security Act, alleging he had been disabled since June 17, 2000 (Record 151–53). The Social Security Commissioner's state agency denied his application, and Petitioner requested a hearing before an ALJ, which was held on October 1, 2002 (Record 23–122). In an October 28, 2002 opinion, the ALJ found that Petitioner was no longer disabled and was capable of sedentary work. The Appeals Council denied Petitioner's request for review. He filed suit in this court seeking judicial review of the Commissioner's decision.

**Discussion**

■ In reviewing an administrative decision denying benefits in a social security matter, the court must uphold any factual determination made by the ALJ supported by "substantial evidence." 42 U.S.C. § 405(g). While substantial evidence is not a "large or significant amount of evidence," it is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted); *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations and quotations omitted). Rather, it is such relevant evidence that would be sufficient to support a reasonable conclusion. *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541.

According to C.F.R. §§ 404.1520(e), 416.920(e), the ALJ must perform a five step analysis in reviewing applications for disability benefits under the Social Security Act. The steps are, in short, (1) whether claimant is engaged in a substantial gainful activity; (2) if not, whether the claimant suffers from a "severe impairment;" (3) if so, whether that impairment is one of those listed in the relevant regulatory appendix; (4) if not, whether the impaired claimant retains the residual functional capacity to return to perform her past relevant work; and (5) if not, whether there is other work that the impaired claimant can do, taking into account her capacity, age, available jobs, and work experience. *See Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir.1999).

Petitioner has not engaged in substantial gainful activity since his alleged onset date, so step one was resolved in his favor (Record 16). The ALJ found Petitioner's lumbar generative disc disease, radiculopathy post laminectomy, diabetes, alcohol abuse, and pancreatitis to be severe impairments (Record 16), so step two was also resolved in Petitioner's favor. Thus the ALJ was required to determine whether these impairments met or equaled listed impairments in Appendix 1, Subpart P, Regulations No. 4 (20 C.F.R. § 404.1520(d)). The ALJ compared Petitioner's impairments to Listings 1.04 and found that "none of the claimant's impairments meet or equal Listing-level severity" (Record 17). Even though Petitioner's pancreatitis was considered "debilitating" and he had a history of back pain with surgery in the mid–1990s, the ALJ held that "at no time did [Petitioner's impairments] reach the level of severity to meet and/or equal that described in the relevant listings." *Id.*

Since step three was thus not resolved in Petitioner's favor, the ALJ proceeded to

consider whether Petitioner retained the residual functional capacity to return to perform his past relevant work. The ALJ held that Petitioner could not return to acting as a contractor (skilled, light work) or a bar owner (skilled and medium to heavy work) (Record 18) and so step four was resolved against him (*Id.*). Finally, the ALJ examined Petitioner's options for other work. Petitioner was found to be disabled by his impairments from June 17, 2000 to December 31, 2001, but retained the residual functional capacity to perform sedentary work with a sit/stand option from January 1, 2002 until the date of the ALJ's decision (Record 18). The ALJ found that while Petitioner could no longer perform his relevant work (Record 19), he could perform other work in the national economy (Record 18), in roles such as packer, assembly, and cashier. Step five was thus resolved against Petitioner and benefits denied.

■ Evidence of Petitioner's medical record from October 22, 2002 to November 11, 2004 was submitted in conjunction with his motion for summary judgment (Pl.Motion, Exh. A–F). This court cannot weight this evidence in evaluating the ALJ's decision of October 28, 2002; the court must reflect only on the evidence that was available to the ALJ at the time at which he made his decision. However, even if these records were available at that time, the ALJ would have been correct to find in Defendant's favor nonetheless.

■ This court agrees with the ALJ's finding that Petitioner's conditions did not equal impairments of listing severity. An impairment is defined as severe when it significantly limits one's physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling. 20 C.F.R. § 416.921(b)(1). Petitioner's medical reports indicate that while Petitioner does still suffer from recurring back and pancreatic problems and resulting pain, he has recovered successfully from medical procedures (*see* Pl. Motion, Exhs. A, C, F). No limitations were placed on Petitioner's activities after the six weeks following his February 2004 surgery for cyst removal (Pl. Motion, Exh. C at 1).

The medical expert at the hearing testified that at no time did Petitioner's cumulative conditions equal the severity required by the relevant listings (Record 17). Even Petitioner's regularly treating physician indicated that Petitioner could undertake work activities following the successful cyst removal (Pl.Motion, Exh.E).[2] The Third Circuit has held that "[t]reating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation and punctuation omitted).

■ This court also finds that the ALJ was correct in holding that as of January 1, 2002, Petitioner retained the residual

---

**2.** Petitioner's regularly treating physician, Dr. Robert A. Barnes, stated in a February 12, 2004 letter that he did not feel that Petitioner should return to work in any capacity at that point. This assessment was based on Petitioner's medical status as of that date (Pl.Motion, Exh. D). However, in a letter dated November 11, 2004, Dr. Barnes wrote that while as of February 12, 2004, he did not recommend Petitioner's return to work "because of a large pancreatic pseudocyst that had to be addressed surgically" (Pl.Motion, Exh. E), it was his "understanding that this large pancreatic pseudocyst was resected successfully" due to the February 10, 2004 procedure and thus he withdrew his recommendation concerning Petitioner's return to work (*Id.*).

functional capacity to perform sedentary work. While Petitioner does continue to struggle with monitoring his diabetes and pain, he is currently able to drive, do household chores, cook, watch television, take care of personal needs and sleep despite such pain (Record 17–18). The vocational expert testified at his hearing that with his level of functioning, even according to Petitioner's own testimony, he is capable of performing sedentary work with a sit-stand option, such as packing (unskilled), assembly (unskilled) or cashier (unskilled) positions, all of which are sufficiently available nationally and regionally (Record 108–109). None of Petitioner's medical records refute such a conclusion.

Upon review of the medical opinions and the testimony reproduced in the record, this court finds that the ALJ's decision is supportable by reasonable evidence. This decision of the ALJ is therefore affirmed.

An appropriate Order follows.

### ORDER

AND NOW, this 24th day of November, 2004, upon consideration of the parties' cross motions for summary judgment, it is hereby **ORDERED** that petitioner's motion is **DENIED** and defendant's motion is **GRANTED**. The decision of the Administrative Law Judge is affirmed.